## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Mark Henley Bishop,

      Plaintiff,                         Civil Action File No.:

      v.

Optio Solutions, LLC dba Qualia          **COMPLAINT WITH**
Collection Services,               **JURY TRIAL DEMAND**

      Defendant

_____

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1.    Plaintiff, Mark Henley Bishop, is a natural person who resides in Gwinnett County, Georgia.

2.    Defendant, Optio Solutions, LLC dba Qualia Collection Services, is a limited liability corporation headquartered in California that does business, but

does not maintain a registered agent, in Georgia.  It can be served through its chief executive officer Christopher Schumacher, 144 North McDowell Boulevard, Petaluma, California 94954.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.      Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      Venue is proper in the Atlanta Division because the conduct complained of herein occurred in Gwinnett County, which is in the Atlanta Division from above Division.

## FACTUAL ALLEGATIONS

7.    Plaintiff is allegedly obligated to pay a consumer debt arising out of an automobile deficiency, post repossession and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8.    Defendant is a collection agency specializing in the collection of consumer debt.

9.    Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10.    Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11.    Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.    The Plaintiff has fallen behind on a significant number of consumer debts, mostly medical expenses, over the last few years.

13.    The Plaintiff has received collection notices and calls from a number of parties including the Defendant.

14.    In 2019 the Plaintiff's vehicle was repossessed by the lienholder, State Farm Bank.  Upon information and belief, State Farm Bank liquidated the vehicle and then sought collection for an alleged deficiency balance of $8,733.00.

15.     Upon information and belief State Farm Bank FSB enlisted the Defendant as its agent for collection of this account.

16.     On August 17th, 2020 the Defendant caused to be mailed to the Plaintiff a letter specifically demanding payment of the deficiency balance allegedly owed to State Farm Bank.  A copy of this letter is filed herewith as Exhibit 1.

17.     Georgia law requires a creditor who would seek a deficiency following the repossession and sale of a vehicle to perform specific conditions-precedent including the issuance of a statutorily mandated writing to the Debtor within 10 days of a repossession. This writing is commonly referred to as a "Notice of Intent to Sell". See, O.C.G.A, § 10-1-36.

18.     A creditor's failure to comply with the requirements of the Georgia statute as they relate to the production and delivery of this writing is an absolute bar to the recovery of any deficiency. *Bryant Int'l, Inc. v. Crane*, 188 Ga. App. 736, 374 S.E.2d 228 (1988).

19.     Upon information and belief, neither the Defendant nor the creditor at time of repossession complied with O.C.G.A. § 10-1-36.

20.     Accordingly, both the creditor for whom it is collecting and the Defendant are precluded from seeking any such recovery as a matter of law.

21.   At all times relevant to this action, Defendant knew or should have known that the requirements of O.C.G.A. § 10-1-36 had not been met and that it was unlawfully attempting to collect an unenforceable claim.

22.   Defendant has falsely communicated and represented that Plaintiff is legally obligated to pay the amount it seeks.

23.   The letter received by the Plaintiff (Exhibit 1) shows an Intelligent Mail Barcode (IMB) just above the address of the Plaintiff.

24.   IMBs are used by the United States Postal Service and contain information that includes the name and other identifying information of the actual sender of the item.

25.   The IMB displayed on the collection letter received by the Plaintiff, when decoded, reveals that the sender was not the Defendant, but rather Renkim Corporation, located in Southgate, Michigan.

26.   Renkim Corporation is  a mailing service that has no relationship with the Defendant other than that of a service vendor.

27.   The Plaintiff believes and therefore avers that the Defendant transmitted highly personal information to Renkim Corporation in connection with the debt being collected including, but not limited to, the Plaintiff's name and address, the name of the Plaintiff's creditor, that the Plaintiff had a debt, that the

debt was in default, and that the that the debt was being collected by a collection agency.

28.    The transmission of this information by the Defendant was an invasion of the Plaintiff's privacy.

29.    The FDCPA precludes the transmission of this same information to third party vendors including mailing services. 15 U.S.C. § 1692c(b).

## INJURIES-IN-FACT

30.    The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

31.    An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

32.     Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

33.     Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

34.     Defendants acts and omissions caused particularized harm to the Plaintiff in that the Defendant's transmission of the Plaintiff's personal information violated a clear statutory right and the Plaintiff's right to privacy.

35.     Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

36.     As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)     Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.)     Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

c.)     The Defendant violated Plaintiff's right to privacy; and,

d.)     Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper claim. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect his demeanor, his ability to engage in daily activities, resulted in sleeplessness, and adversely affected his relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

### *Violations of 15 U.S.C. § 1692c and subparts*

37.     Defendant's transmission of Plaintiff's personal information a third party as described herein was a violation of 15 U.S.C. § 1692c(b). See, *Huntstein v. Preferred Collection and Management Services, Inc.*, No. 19-14434 (11th Cir. April 21, 2021)

### *Violations of 15 U.S.C. § 1692e and its subparts*

38.     15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

39.   The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading.  *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

40.   The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

41.   Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

42.   A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

43.   There is no debt, as a matter of law, by virtue of the Defendant's principal having failed to comply with the mandates of O.C.G.A. § 10-1-36.

44.     Thus, each and every contrary representation made by Defendant is a violation of §§ 1692e, 1692e(2)(A), and e(10).

## COUNT II

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.C.G.A. § 10-1-390, et seq.

45.     Plaintiff incorporates by reference paragraphs 1 through 44 as though fully stated herein.

46.     O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

47.     The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

48.     O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

49.     O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

50.     Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

51.     Defendant's conduct has implications for the consuming public in general.

52.     Defendant's conduct negatively impacts the consumer marketplace.

53.     Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

54.     As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

55.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

56.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

57.     Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

58.     Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)   Plaintiff's actual damages;

b.)   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)   Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.)   General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.)   Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.)   Such other and further relief as may be just and proper.

Respectfully submitted this 29th day of April, 2020.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*